CARL P. WARRING
HEATHER C. YAKELY
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Suite 250
Spokane, WA 99201-0910
(509) 455-5200
cwarring@ecl-law.com
hyakely@ecl-law.com
abrown@ecl-law.com
Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN MICHAEL HAYS,<br><br>                Plaintiff(s),<br><br>vs.<br><br>DEPUTY JOSEPH ADAMS, individually and in his professional capacity. DEPUTY ELIJAH JONES, individually and in his professional capacity, DEPUTY STEPHAN BLAAKMAN, individually and in his professional capacity, DEPUTY DAVIS FRENCH, individually and in his professional capacity, DEPUTY STEFAN MOORE, individually and in his professional capacity, DEPUTY MICAH LEIGHTON, individually and in his professional capacity, SARGENT RANDY WATTS, individually and in his professional capacity, DEPUTY VINCE MCKENZIE, individually and in his professional capacity, DEPUTY AMBER TYLER and K9 JAGER, individually and in their professional capacity, SPOKANE COUNTY, SPOKANE COUNTY SHERIFF'S DEPARTMENT, and SPOKANE | No. 2:23-cv-00141-TOR<br><br>DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND AND COUNTERCLAIM FOR MALICIOUS PROSECUTION |

DEFENDANTS' ANSWER AND JURY DEMAND AND COUNTERCLAIM - page 1



818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

COUNTY SHERIFF OZZY KNEZOVICH;

Defendant(s).

The Defendants, by and through the undersigned counsel of record, hereby admit, deny, and allege as follows:

## I.   INTRODUCTION

1.1    The allegation is an introductory statement describing the nature of Plaintiff's lawsuit and not a short and plain statement of the claim showing that the pleader is entitled to relief as required by Fed. R. Civ. Pro. 8 and therefore no answer is required.

## II.   PARTIES, JURISDICTION, AND VENUE

2.1    Admitted.

2.2    Admitted in part, denied in part. The individuals named as defendants were employed as law enforcement officers for the Spokane County Sheriff's Office at the time of the criminal arrest that gives rise to this action. The actions taken to arrest Plaintiff were done in their official capacity as law enforcement officers. Any allegation or inference from an allegation not specifically admitted is denied.

DEFENDANTS' ANSWER AND JURY DEMAND AND COUNTERCLAIM - page 2



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

2.3     Admitted in part, denied in part. Spokane County is a governmental entity within the State of Washington. The Spokane County Sheriff's Office is a department of Spokane County. Any allegation or inference from an allegation not specifically admitted is denied.

2.4     Admitted.

2.5     Admitted in part, denied in part. Defendants admit that the Federal District Court has jurisdiction over this lawsuit and the matter has been properly removed from the Spokane County Superior Court. Any allegation or inference from an allegation not specifically admitted is denied.

2.6     Admitted in part, denied in part. Defendants admit that the Eastern District of Washington is the proper venue for this matter because the events giving rise to this lawsuit are alleged to have occurred within the Eastern District of Washington. Any allegation or inference from an allegation not specifically admitted is denied.

### III.    FACTUAL HISTORY

4.1     [*sic*] Admitted in part, denied in part. Defendants admit that on April 24, 2021, Victoria Collier reported to Deputy Joseph Adams that earlier in the evening she and Hays were at a pool tournament together, argued, and Hays left to return to their shared residence. Any allegation or inference from an allegation not specifically admitted is denied.

4.2   Admitted in part, denied in part. Defendants admit that on April 24, 2021, Victoria Collier reported to Deputy Joseph Adams that upon returning to her residence she was confronted by Hays, physically pushed, and told to "get the fuck out." Collier further reported that she called out for her daughter Summer Castro. Any allegation or inference from an allegation not specifically admitted is denied.

4.3   Admitted in part, denied in part. Defendants admit that on April 24, 2021, Victoria Collier reported to Deputy Joseph Adams that while she was packing a bag to leave her shared residence with Hays, Hays threw an object at her, which struck her in the head causing significant pain and bleeding. Summer Castro also reported that when she attempted to intervene Hays assaulted her by physically shoving her. Castro reported witnessing Hays physically shove Collier and strike Collier with a thrown object. Any allegation or inference from an allegation not specifically admitted is denied.

4.4   Admitted in part, denied in part. Defendants admit that Jenny Slater initiated a 9-1-1 call on April 24, 2021, to report the incident of domestic violence perpetrated by Hays against Collier. The 9-1-1 call was recorded, and the recording speaks for itself. Any allegation or inference from an allegation not specifically admitted is denied.

4.5   Admitted.

4.6   Admitted.

4.7    Admitted in part, denied in part. Defendants admit that law enforcement officers, upon arriving at the Hays-Collier residence, observed Hays vehicle parked at the residence. Any allegation or inference from an allegation not specifically admitted is denied.

4.8    Admitted in part, denied in part. Defendants admit that Deputy Adams interviewed Collier and Castro and Sgt. Randy Watts was present at the scene of the interview. Collier informed Deputy Adams and Sgt. Watts that she was unsure if Hays had any weapons. Any allegation or inference from an allegation not specifically admitted is denied.

4.9    Admitted in part, denied in part. At the time Deputy Adams sought a search warrant, officers had attempted 36 calls to Hays' phone and attempted to reach Hays through PA announcements. Hays failed to communicate or otherwise cooperate with officers at that point. Any allegation or inference from an allegation not specifically admitted is denied.

4.10    Admitted.

4.11    Admitted.

4.12    Admitted.

4.13    Admitted.

4.14    Admitted.

4.15    Admitted.

4.16  Admitted in part, denied in part.  Defendants admit that Deputy Micah Leighton was dispatched to the scene at approximately 3:05 a.m.  Any allegation or inference from an allegation not specifically admitted is denied.

4.17  Admitted.

4.18  Admitted.

4.19  Admitted in part, denied in part.  Defendants admit that officers eventually entered the residence and searched for Hays.  During the search officers located a step stool near an attic crawl hole and observed insulation on the floor.  Any allegation or inference from an allegation not specifically admitted is denied.

4.20  Admitted.

4.21  Admitted in part, denied in part. Defendants admit that Deputy Tyler warned Hays of the potential for being bitten by her K-9.  Any allegation or inference from an allegation not specifically admitted is denied.

4.22  Admitted in part, denied in part. Defendants admit that Hays failed to comply with commands and the application of force became necessary.  Defendants further admit that as Deputy Adams and Deputy Blaakman attempted to remove Hays from the attic, Hays physically resisted the arrest and swung his legs in a way that created a risk of injury to the officers. Defendants further admit that pain compliance strikes were ineffective in securing Hays' compliance.  Any allegation or inference from an allegation not specifically admitted.

4.23 Admitted in part, denied in part. Following Hays' failure to comply with commands, his physical resistance to the arrest (including swinging his legs in a way that created a risk of injury to the officers), Hays' failure to succumb to pain compliance strikes, and the warning of an impending dog bite, Deputy Tyler permitted her K-9 to bite Hays to force compliance with the arrest. Any allegation or inference from an allegation not specifically admitted is denied.

4.24 Admitted in part, denied in part. Defendants admit that Deputy McKenzie observed the application of the bite to Hays. Any allegation or inferenced from an allegation not specifically admitted is denied.

4.25 Admitted in part, denied in part. Following Hays' failure to comply with commands, his physical resistance to the arrest (including swinging his legs in a way that created a risk of injury to the officers), Hays' failure to succumb to pain compliance strikes, and the warning of an impending dog bite, Deputy Tyler permitted her K-9 to bite Hays to force compliance with the arrest. Any allegation or inference from an allegation not specifically admitted is denied.

4.26 Admitted in part, denied in part. Defendants admit that Deputy Tyler ensured her K-9 released Hays from the bite as soon as practical after Hays was secured by the officers who were actively engaged with restraining Hays. Any allegation or inference from an allegation not specifically admitted is denied.

4.27 Admitted.

4.28  Denied.

4.29  Admitted.

4.30  Admitted.

4.31  Admitted in part, denied in part. Defendants admit Deputy McKenzie transported Hays to the hospital for treatment and Hay told hospital staff they could call him Brian or Phillip. Any allegation or inference from an allegation not specifically admitted is denied.

4.32  Admitted.

4.33  Admitted in part, denied in part. Defendants admit that after Hays was secured no weapon was located on his person. Any allegation or inference from an allegation not specifically admitted is denied.

### IV.  FIRST CAUSE OF ACTION: VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS PURSUANT TO THE CONSTITUTION OF THE UNITED STATES AND THE WASHINGTON STATE CONSTITUTION

Defendants re-allege and incorporate paragraphs 4.1 through 4.33 as paragraphs 5.1 through 5.33.

5.33  Denied.

5.34  Denied.

5.35  Denied.

5.36  Denied.

5.37   Denied.

5.38   Denied.

## V.   SECOND CAUSE OF ACTION: EXCESSIVE FORCE & ASSAULT/BATTERY

Defendants re-allege and incorporate paragraphs 4.1 to 4.32 as paragraphs 6.1 to 6.32.

5.33 [*sic*]Denied.

6.34   Denied.

6.35   Denied.

6.36   Denied.

6.37   Denied.

6.38   Denied.

6.39   Denied.

6.40   Denied.

6.41   Denied.

6.42   Denied.

6.43   Denied.

## VI.   THIRD CAUSE OF ACTION: AGENCY THEORY

Defendants re-allege and incorporate paragraphs 4.1 to 4.32 as paragraphs 7.1 to 7.32.

DEFENDANTS' ANSWER AND JURY DEMAND AND COUNTERCLAIM - page 9



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

7.33   Denied.

7.34   Denied.

## VII.   FOURTH CAUSE OF ACTION: DOCTRINE OF *RESPONDEAT SUPERIOR*

Defendants re-allege and incorporate paragraphs 4.1 to 4.32 as paragraphs 8.1 to 8.32.

8.33   Denied.

8.34   Denied.

8.35   Denied.

## VIII.   FIFTH CAUSE OF ACTION: NEGLIGENT TRAINING, RETENTION AND SUPERVISION

Defendants re-allege and incorporate paragraphs 4.1 to 4.32 as paragraphs 9.1 to 9.32.

9.33   Denied.

9.34   Denied.

9.35   Denied.

9.36   Denied.

9.37   Denied.

9.37 [*sic*] Denied.

9.38   Denied.

DEFENDANTS' ANSWER AND JURY DEMAND AND COUNTERCLAIM - page 10



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

9.39  Denied.

9.40  Denied.

9.41  Denied.

9.42  Denied.

9.43  Denied.

9.44  Denied.

9.45  Denied.

9.46  Denied.

9.47  Denied.

## IX.  SIXTH CAUSE OF ACTION: COMMON LAW NEGLIGENCE

Defendants re-allege and incorporate paragraphs 4.1 to 4.32 as paragraphs 10.1 to 10.32.

10.33 Denied.

10.34 Denied.

10.35 Denied.

10.35 [*sic*] Denied.

10.36 Denied.

10.37 Denied.

10.38 Denied.

10.39 Denied.

10.40 Denied.

10.41 Denied.

10.42 Denied.

10.43 Denied.

10.44 Denied.

10.45 Denied.

## X.   SEVENTH CAUSE OF ACTION: OUTRAGE; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Defendants re-allege and incorporate paragraphs 4.1 to 4.32 as paragraphs 11.1 to 11.32.

11.33 Denied.

11.34 Denied.

11.35 Denied.

## XI.   PRAYER FOR RELIEF

The allegation is a prayer for relief and therefore no answer is necessary. To the extent an answer is deemed necessary, the allegation is denied.

## XII.   JURY DEMAND

The Defendants join in Plaintiff's demand for a jury.

## XIII.  AFFIRMATIVE DEFENSES

By Way of further answer and affirmative defenses, defendants allege.

13.1    **RES JUDICATA** – that plaintiff's action(s) against the defendants is barred by the doctrine of res judicata and/or collateral estoppel.

13.2    **COMPARATIVE FAULT** – that to the extent plaintiff can state a cause of action sounding in negligence, the injuries and damages arising from the negligence claim, if any, were proximately caused or contributed to by the fault of plaintiff as defined by RCW 4.22.015.

13.3    **ASSUMPTION OF RISK** – that to the extent plaintiff can state a cause of action sounding in negligence, the injuries and damages arising from the negligence claim, if any, arise out of a condition of which plaintiff had knowledge and to which plaintiff voluntarily subjected himself.

13.4    **FAILURE TO STATE A CLAIM** – that to the extent plaintiff has named a K-9 as a party to this action, the plaintiff has failed to state a claim upon which relief may be granted.

13.5    **PRIVILEGE** – that the conduct of the defendant(s) was privileged and non-tortious.

13.6    **QUALIFIED IMMUNITY** – that the defendant is immune from suit for the matters charged in plaintiff's complaint under state law qualified immunity and federal law qualified immunity.

13.7  **IMPAIRMENT** – that to the extent plaintiff can state a cause of action sounding in negligence, this action is barred due to the impairment of plaintiff(s) as provided by RCW 5.40.060.

13.8  **COMMISSION OF A FELONY** – that this action is barred as provided by RCW 4.24.420 on the basis that the plaintiff was engaged in the commission of a felony at the time of the injury and the felony was a proximate cause of the injury.

13.9  *HECK V. HUMPHREY* – to the extent plaintiff's claims would necessarily invalidate the underlying state court criminal convictions, his claims are barred.

## XIV.  CROSS-CLAIM: MALICOUS PROSECUTION UNDER RCW 4.24.350

By way of FURTHER ANSWER and CROSS-CLAIM, the defendant alleges as follows:

14.1  Plaintiff Hays has instituted the present action against individually named defendant law enforcement officers for conduct arising out of the officers' performance of public duties.

14.2  Plaintiff Hays instituted the present action with knowledge his allegations of misconduct against some or all of the officers are false, unfounded, malicious and without probable cause.

DEFENDANTS' ANSWER AND JURY DEMAND AND COUNTERCLAIM - page 14

14.3    The individually named officers are entitled to statutory liquidated damages and costs/fees incurred in defending against this action.

14.4    Spokane County is entitled to costs/fees incurred in providing a defense against this action to the individually named officers.

WHEREFORE, defendants pray plaintiff take nothing by his complaint and that the complaint be dismissed with prejudice as to the defendants, and that these defendants be awarded its costs and reasonable attorney fees, along with any statutorily recovered damages.

DATED:  June 14, 2023.

EVANS, CRAVEN & LACKIE, P.S.

By: /s/ *Carl P. Warring*
CARL P. WARRING, WSBA #27164
HEATHER C. YAKELY, WSBA #28848
818 W. Riverside Ave., Ste. 250
Spokane, WA 99201
(509) 455-5200
cwarring@ecl-law.com
hyakely@ecl-law.com
Attorneys for Defendants

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that under penalty of perjury under the laws of the state of Washington, that on the 14th day of June 2023, the foregoing was delivered to the following persons via Regular Mail and Email:

| **_Attorneys for Plaintiff_** | | |
|---|---|---|
| Douglas D. Phelps | Via Regular Mail | [X] |
| Phelps & Associates, P.S. | Via Certified Mail | [ ] |
| 2903 N. Stout Rd | Via Overnight Mail | [ ] |
| Spokane, WA 99206 | Via Facsimile | [ ] |
| Email: phelps@phelpslaw.com | Hand Delivered | [ ] |
| | Via Email | [X] |

_____
Jessie Smylie, Legal Assistant

